# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>ASHLEY M. WISNESKI, CAITLIN BABCOCK, THOMAS KANE, PAUL KANE, BRIAN S. KANE, and DIANE H. POLIFRONIO,<br><br>　　　　　Defendants. | Civil Action No.<br><br>18-15261 (MCA) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**THIS MATTER** comes before the Court upon a motion by plaintiff Prudential Insurance Company of America ("Prudential") for Default Judgment against Diane H. Polifronio and for Interpleader Relief to be discharged from any liability by all claimants. ECF No. 32. No opposition has been filed. The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. For the reasons set forth below, the Court recommends that plaintiff's motion be **GRANTED**.

## I.    BACKGROUND

Plaintiff filed this interpleader action on October 24, 2018 to determine the rights of beneficiaries to a death benefit policy (the "Death Benefit") issued by Prudential to Doreen Kane (the "Insured"). ECF No. 1. Throughout the time the Insured was covered under the plan, she made several beneficiary designations. ECF No. 1 ¶ 13. Each of the defendants was at one time named as a beneficiary. All defendants except for defendant Polifronio filed an Answer to the Complaint. ECF Nos. 13, 24. Upon Prudential's request, the Court entered default as to Diane

Polifronio on January 10, 2019. Defendant Polifronio has not appeared personally or by a representative in this action.

In April 2019, the Court held a settlement conference, during which the appearing defendants agreed in principle to a settlement. The Court thereafter entered an Order administratively terminating the action. ECF No. 29. Prudential deposited the Death Benefit funds in the Court's Registry on April 16, 2019. It now moves for default judgment against Diane Polifronio and for Interpleader Relief as to all defendants, essentially seeking solely the equitable relief of being discharged from any and all liability with regard to the insurance policy.

## II.   DISCUSSION

Prudential moves for default judgment against Diane Polifronio and for Interpleader Relief. The Court first finds issuance of a default judgment appropriate under the applicable factors. Next, the Court assesses Prudential's motion for Interpleader Relief as to all claimants and finds such relief appropriate based on the standards for granting such relief.

### A.  Default Judgment

Before entering default judgment the court must:  (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). In addition, prior to granting default judgment, the Court must make factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

Applying the first set of legal factors which focus on the procedural prerequisites to entering a default judgment, the Court finds each factor has been met. First, the Court has subject matter jurisdiction over this action pursuant to the federal interpleader statute, 28 U.S.C. § 1335, as there is minimal diversity between the claimants and the amount in controversy is more than $500. Second, personal jurisdiction appears to exist over defendant Polifronio, as she is allegedly domiciled in Garfield, New Jersey. *See* ECF No. 5. Third, plaintiff has provided the Court with proof that defendant Polifronio was personally served on November 14, 2018. *Id.* Finally, the Complaint sufficiently pleads a cause of action, as it alleges that defendant Polifronio may have had an interest in the funds at issue, as she was named as a beneficiary on the Death Benefit at various times between 1994 and 2018, and that Prudential would be subject to conflicting claims if it were not able to interplead the disputed funds. *See Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 434 (E.D. Pa. 2015).

As to the next set of factors which focus on the factual bases for entering default judgment, the Court finds each is met. The Court concludes that by not filing a responsive pleading, defendant Polifronio chose not to assert a claim to the funds at issue. Further, plaintiff Prudential is prejudiced in its ability to interplead the funds and be absolved from liability if any potential claimant to the fund, such as Polifronio, remains able to make a claim despite her non-participation. The Court also finds defendant Polifronio culpable, in the sense that it is satisfied that she has personally been served and has chosen not to appear in this case. The Court further notes that Polifronio is a retired attorney who would know how to participate in this action if she desired to do so. Accordingly, the Court recommends plaintiff's motion for default judgment against defendant Polifronio be granted.

## B. Interpleader Relief

The Court next addresses Prudential's motion for Interpleader Relief to be discharged of

all liability by any claimant with respect to the Death Benefit. Interpleader is an equitable remedy through which a stakeholder can "join in a single suit two or more persons asserting claims to that property." *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (quoting *NYLife Distrib., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 372 n.1 (3d Cir. 1985)). To avoid the possibility of multiple liability, interpleader permits a stakeholder "to file suit, deposit the property with the court, and withdraw from the proceedings." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (quoting *Price*, 501 F.3d at 275). As a result, "[t]he competing claimants are left to litigate between themselves" and the stakeholder is discharged from any further liability. *Id.* (quoting *Price*, 501 F.3d at 275).

Plaintiff brings this claim pursuant to the interpleader statute, 28 U.S.C. § 1335. Here, the Death Benefit is $305,002.92, satisfying the minimum requirement of $500 or more, the claimants are minimally diverse, and Prudential has deposited the Death Benefit into the Court's Registry. Thus, the requirements for statutory interpleader have been met.

After a stakeholder files suits and deposits the funds with the Court, it may "withdraw from the proceedings." *U.S. Life Ins. Co v. Holtzman*, Civ. No. 14-113 (FLW) 2014 U.S. Dist. LEXIS 146181, *9 (D.N.J. Oct. 14, 2014) (quoting *Price*, 501 F.3d at 275). As stated above, Prudential has deposited the Death Benefit in the Court's Registry, and the Court recommends that interpleader relief is appropriate and plaintiff's motion be granted. The rights of all potential claimants have been resolved by the default judgment against Polifronio and the settlement of the remaining claimants, and Prudential has no further liability under the interpleader statute.

III.    CONCLUSION

For the reasons set forth above, the Court respectfully recommends:

1.    Prudential's Motion for Default Judgment against Defendant Diane H. Polifronio be **GRANTED.**

2.  Prudential's Motion for Interpleader Relief be **GRANTED.**

3.  Prudential be discharged from any and all liability to Defendants, Diane H. Polifronio, Ashley M. Wisneski ("Ashley"), Caitlin Babcock ("Caitlin"), Thomas Kane ("Thomas"), Paul Kane ("Paul"), and Brian S. Kane ("Brian"), relating to or arising out of the Group Plan and/or Death Benefit, and all claims, rights, interests and actions that Diane, Ashley, Caitlin, Thomas, Paul, and Brian might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Group Plan and/or Death Benefit be released.

4.  Diane, Ashley, Caitlin, Thomas, Paul, and Brian each be permanently restrained and enjoined from instituting and/or prosecuting any suit, causes of action or civil proceedings in any forum, or making any further action or implied claims, demands, and/or causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any proceeding in any forum, against Prudential arising out of, in connection with or relating to the Group Plan and/or Death Benefit due thereunder.

5.  Prudential be dismissed from this action with prejudice and without costs and all claims against Prudential be dismissed with prejudice.

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**